1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETO SIQUEIROS,<br><br>          Petitioner,<br><br>          v.<br><br><br>JOE A. LIZARRAGA, Warden,<br><br>          Respondent. | Case No. 18-01957 EJD (PR)<br><br>**ORDER REQUESTING RESPONDENT TO FILE MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED** |

Petitioner, a California prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence for a state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in Santa Clara County Superior Court of five counts of sex crimes. (Pet. at 2.) Petitioner was sentenced on April 19, 2005, to 29 years to life. (<u>Id.</u>)

Petitioner appealed his conviction. The California Court of Appeal affirmed the judgment on July 6, 2007. (Pet. at 11.) The California Supreme Court denied review on August 30, 2006. (<u>Id.</u>)

1    Petitioner filed state habeas petitions, with the state high court summarily denying

2    his last petition on January 31, 2016.  (Pet., Ex. D.)

3        Petitioner filed the instant petition on March 30, 2018.

4

5                                    **DISCUSSION**

6    **A.    Standard of Review**

7        This court may entertain a petition for a writ of habeas corpus "in behalf of a person

8    in custody pursuant to the judgment of a State court only on the ground that he is in

9    custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

10   § 2254(a).

11       It shall "award the writ or issue an order directing the respondent to show cause

12   why the writ should not be granted, unless it appears from the application that the applicant

13   or person detained is not entitled thereto."  Id. § 2243.

14   **B.    Legal Claims**

15       Petitioner raises the following claims for federal habeas relief: (1) his sentence is

16   illegal because the trial court misapplied sentencing regulations, (ground 1, Pet. at 4-6); (2)

17   the trial court's misapplication of sentencing regulations violated his right to due process,

18   (ground 2, *id.* at 7); and (3) the state courts' failure to obtain the State's position on this

19   issue denied him due process (grounds 3 and 4, *id.* at 9-10).  Grounds 1 and 2 are

20   essentially the same claim challenging the legality of his sentence under sentencing

21   regulations that deal with sex offenses and offenders and, liberally construed, state a

22   cognizable claim under § 2254 and merit an answer from Respondent.  See Whalen v.

23   United States, 445 U.S. 684, 689-90 n.4 (1980) (where state imposes punishment in excess

24   of that authorized by state law, defendant has been denied due process); see also United

25   States v. Tucker, 404 U.S. 443, 447 (1972) (when court fails to sentence within its

26   informed discretion, defendant's right to due process is violated).

27       However, grounds 3 and 4 fail to state a separate claim for relief because the failure

28                                         2

1    by a court to provide a valid reason for a denial on state habeas is not a violation of due

2    process or equal protection, and the failure to adhere to court rules is not an issue that is

3    cognizable on federal habeas.  The Supreme Court has repeatedly held that federal habeas

4    writ is unavailable for violations of state law or for alleged error in the interpretation or

5    application of state law.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v.

6    McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119 (1982); Peltier v.

7    Wright, 15 F.3d 860, 861-62 (9th Cir. 1994); see, e.g., Little v. Crawford, 449 F.3d 1075,

8    1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from

9    its earlier decisions does not provide a ground for habeas relief).  Accordingly, grounds 3

10    and 4 are DISMISSED for failure to state a cognizable claim.

11   **C.    Statute of Limitations**

12    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became

13    law on April 24, 1996, and imposed for the first time a statute of limitations on petitions

14    for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging

15    non-capital state convictions or sentences must be filed within one year of the latest of the

16    date on which: (1) the judgment became final after the conclusion of direct review or the

17    time passed for seeking direct review; (2) an impediment to filing an application created by

18    unconstitutional state action was removed, if such action prevented petitioner from filing;

19    (3) the constitutional right asserted was recognized by the Supreme Court, if the right was

20    newly recognized by the Supreme Court and made retroactive to cases on collateral

21    review; or (4) the factual predicate of the claim could have been discovered through the

22    exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).  Time during which a properly filed

23    application for state post-conviction or other collateral review is pending is excluded from

24    the one-year time limit. *See id.* § 2244(d)(2).

25    Based on the dates alleged, the instant petition appears to be untimely. The

26    California State Supreme Court issued its denial of Petitioner's habeas petition on January

27    31, 2016.  (Pet., Ex. D.)  Assuming Petitioner is entitled to tolling and had the entire one

28                                                 3

year remaining on the limitations period, he had until January 31, 2017, to file a timely petition. However, Petitioner filed the instant petition on March 30, 2018, which is a year and two months after the limitations period had expired. (Docket No. 1.) Accordingly, there is a clear issue of whether the instant action is time-barred.

This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the substantive claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted here.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2.     Within **fifty-six (56) days** from the date this order is filed, Respondent shall file with the Court, and serve on Petitioner, a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3.     If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent **within twenty-eight (28) days** of his receipt of the motion to dismiss.

4.     Respondent shall file and serve a reply **within fourteen (14) days** of receipt of Petitioner's opposition.

5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to

4

dismiss is unwarranted or the motion is denied, the Court will then order Respondent to file answer to the petition and proceed with briefing.

6.	It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.	Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

**Dated:** __9/17/2018_____

EDWARD J. DAVILA
United States District Judge

Order Requesting MTD
PRO-SE\EJD\HC.18\01957Siqueiros_req.mtd(sol)

5